United States District Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 2:22-CR-00596** |
| | § | |
| **ANTHONY PINKSTON** | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Anthony Pinkston is under indictment for conspiring to possess cocaine with the intent to distribute. (Dkt. No. 1). Pending before the Court is Defendant's Motion to Dismiss: Speedy Trial. (Dkt. No. 20). The United States filed a response, (Dkt. No. 22), to which Pinkston replied, (Dkt. No. 24). The Court held a hearing on May 1, 2023, (*see* Dkt. No. 23). After careful review, the Court **DENIES** Pinkston's Motion.

### I.    BACKGROUND

On September 14, 2022, a federal grand jury returned a one-count indictment charging Defendant Anthony Pinkston with knowingly and intentionally conspiring with other persons to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). (Dkt. No. 1). On October 26, 2022, Pinkston was arrested in the Middle District of North Carolina. (*See* Dkt. No. 9). Eight days later, Pinkston appeared before Magistrate Judge Joi Elizabeth Peake who ordered that Pinkston be transported to the Southern District of Texas for further proceedings. (Dkt. No. 10 at 2). On December 16, 2022, Pinkston arrived at the Coastal Bend Detention Center ("Coastal Bend") in the Southern District of Texas. (Dkt. No. 20 at 2). Coastal

Bend notified the Court and Clerk of Pinkston's arrival by sending an email as it typically does. That email, however, was not sent to the correct courthouse personnel. As a result, Pinkston remained incarcerated for 98 days in Coastal Bend before this error was discovered. He made an initial appearance before Magistrate Judge Mitchel Neurock on March 24, 2023. (*See* Dkt. No. 14). Magistrate Judge Neurock held Pinkston's detention hearing five days later. (*See* Dkt. No. 18).

## II.    DISCUSSION

In his Motion, Pinkston contends that the 98-day delay between his arrival at Coastal Bend and his initial appearance before Magistrate Judge Neurock violates the Speedy Trial Act, and the Court should therefore dismiss his indictment with prejudice. (Dkt. No. 20 at 1–2). The United States responds that the specified time frame by which a defendant must be brought to trial has not lapsed, so there is no Speedy Trial Act violation. (Dkt. No. 22 at 2–6). In his Reply, Pinkston reiterates his position and argues that the 98-day delay also violates Rules 5 and 9 of the Federal Rules of Criminal Procedure. (Dkt. No. 24 at 2–4).

During a Motion hearing, Pinkston notified the Court that he was moving for dismissal under both the Speedy Trial Act and the Sixth Amendment. (Hearing Audio at 02:21:45–2:22:00). Pinkston also directed the Court to *United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986), as authority for how Rules 5 and 9 of the Federal Rules of Criminal Procedure impact the Speedy Trial Act analysis. (Hearing Audio at 02:25:39–02:26:40).

### A.   SPEEDY TRIAL ACT

The Speedy Trial Act provides in relevant part:

> [T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  Here, Pinkston's indictment was filed on September 14, 2022, (Dkt. No. 1), and he was brought before Magistrate Judge Neurock in the Corpus Christi Division of the Southern District of Texas on March 24, 2023.  (*See* Dkt. No. 14).  The latter of these two dates is March 24, 2023, which, in Pinkston's case, is when the Speedy Trial Act clock started running.  Despite the delay in Pinkston's case,[1] the 70-day Speedy Trial Act clock has not lapsed.  Therefore, the Speedy Trial Act has not been violated.

### B.   SIXTH AMENDMENT

In addition to his Speedy Trial Act claim, Pinkston also alleges a violation of his Sixth Amendment right to a speedy trial.  (Hearing Audio at 02:21:45–2:22:00).  The Sixth Amendment provides in part that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]"  U.S. Const. amend. VI.  As a general matter, it is an "unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated."  *United*

---

[1]   The Court finds it appalling that Pinkston was forced to wait so long for his initial court date in the Southern District of Texas.  Protocols have now been implemented to ensure that this error will not be repeated.

*States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (citations omitted).  Pinkston's case is no exception.

In analyzing a Sixth Amendment speedy trial claim, a district court must undertake a four-factor balancing test, commonly known as the "*Barker*" analysis, which considers: "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his right; and (4) any prejudice resulting to the defendant because of the delay." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101 (1972)).  However, the full *Barker* analysis is undertaken only if the delay is long enough to be presumptively prejudicial, which the Fifth Circuit has held is one year.  *United States v. Frye*, 372 F.3d 729, 736–37 (5th Cir. 2004) (citation omitted).

Here, the delay in Pinkston's case is 98 days.  Therefore, the Court need not engage in the full *Barker* analysis.  Even if the Court were to consider the *Barker* factors, Pinkston has not shown that any prejudice has resulted from the delay.[2]  Therefore, the Court finds that no Sixth Amendment violation has occurred in Pinkston's case.

### C.    THE FEDERAL RULES OF CRIMINAL PROCEDURE

Pinkston also argues that Rules 5 and 9 of the Federal Rules of Criminal Procedure warrant dismissal of his indictment.  (Dkt. No. 24 at 2–4).  The Court holds that neither Rule has been violated in Pinkston's case.  Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure provides that "[a] person making an arrest within the United States must take

---

[2]    During the hearing, Pinkston stated that the resulting prejudice is the delay to the start of the defense preparation, including gathering evidence and investigating.  (Hearing Audio 02:22:02–02:22:32).  However, Pinkston did not provide any examples of how the defense preparation was hampered by the 98-day delay.

the defendant without unnecessary delay before a magistrate judge[.]"  Similarly, Rule 9(c)(3) states that, once arrested, a defendant must first appear before the court and the judge must proceed under Rule 5.  When a defendant is arrested in a district other than the district in which the alleged offense occurred, the initial appearance before the magistrate judge must be in the district of the arrest.  Fed. R. Crim. P. 5(c)(2)(A).

Here, Pinkston was arrested in the Middle District of North Carolina, but his alleged offense occurred in the Southern District of Texas.  (*See* Dkt. No. 9).  Under Rules 5 and 9, Pinkston was required to be brought before a magistrate judge in the Middle District of North Carolina without unnecessary delay.  And he was.  Pinkston was arrested on October 26, 2022, and he made an initial appearance before Magistrate Judge Joi Elizabeth Peake in the Middle District of North Carolina eight days later.  (Dkt. No. 10).  Therefore, neither Rules 5 nor 9 of the Federal Rules of Criminal Procedure have been violated in Pinkston's case.

During the hearing, Pinkston's counsel directed the Court to *United States v. Osunde*, 638 F. Supp. 171 (N.D. Cal. 1986), as authority for how Rules 5 and 9 of the Federal Rules of Criminal Procedure coincide with the Speedy Trial Act.  (Hearing Audio at 02:25:39–02:26:40).  However, *Osunde* is distinguishable from the present case.  The defendant in *Osunde* was arrested for falsely representing himself as a U.S. citizen on December 4, 1985, at the Los Angeles International Airport.  *Osunde*, 638 F. Supp. at 172.  The criminal complaint, however, was not brought until March 21, 1986, the same day the defendant was brought before a magistrate judge, and an indictment was not handed down by the grand jury until April 2, 1986.  *Id*. at 173.  The *Osunde* court held that the 106-

day delay between the defendant's arrest and his initial appearance violated the Speedy Trial Act. *Id.* at 176–77. But notably, the *Osunde* court was considering the pre-indictment period of the Speedy Trial Act, a different part of the Act than what is at issue here. *Id.* at 173–74; *compare* 18 U.S.C. § 3161(b) (prescribing a 30-day period from arrest or service with a summons to the filing of the indictment or information) *with* 18 U.S.C. § 3161(c)(1) (prescribing a 70-day period from the filing of the indictment or information to the commencement of trial). Further, while the *Osunde* court considered Rule 5, it did not do so in conjunction with the Speedy Trial Act. *Osunde*, 638 F. Supp. at 176 (stating that "[a]t the outset this Court must note that Rule 5 and the Speedy Trial Act do not protect identical interests."). Therefore, the Court finds that there was no violation of Rules 5 or 9 of the Federal Rules of Criminal Procedure in Pinkston's case.

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Pinkston's Motion to Dismiss: Speedy Trial, (Dkt. No. 20).

It is SO ORDERED.

Signed on June 7, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**